O'Rourke v National Foreign Trade Council, Inc. (2019 NY Slip Op 07489)





O'Rourke v National Foreign Trade Council, Inc.


2019 NY Slip Op 07489


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10104 156502/16

[*1] Gracie O'Rourke, Plaintiff-Respondent,
v
National Foreign Trade Council, Inc., Defendant-Appellant.


Gordon Rees Scully Mansukhani, LLP, New York (Heather E. Griffin of counsel), for appellant.
Schwartz Perry & Heller, LLP, New York (Brian Heller of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about March 5, 2019, which denied defendant's motion to dismiss the complaint without prejudice, unanimously affirmed, without costs.
The complaint states a claim for gender discrimination under the New York City Human Rights Law (HRL) (see Administrative Code of the City of NY § 8-107[1][a][3]) by alleging, as relevant here, that plaintiff's supervisor treated her less well than other employees under circumstances giving rise to an inference of discrimination on the basis of gender (see Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018] [elements of gender discrimination claim]; Williams v New York City Hous. Auth., 61 AD3d 62, 78 [1st Dept 2009], lv denied 13 NY3d 702 [2009] [standard in hostile work environment context]).
Plaintiff alleges that her supervisor insulted, excluded, and concealed information from her, and denied her requests for a raise; that he made numerous statements that at least arguably reflect gender-based animus, including, "You women are such sensitive flowers"; he "only supports humble and meek women"; plaintiff was an "in your face woman"; he would "probably" treat male employees differently, including by grooming them for advancement; and his perception of plaintiff as "a smart confident accomplished woman with an opinion might be the reason for [his] harsh treatment of her." Her supervisor's alleged remarks, which rise above the level of nonactionable petty slights or inconveniences, establish differential treatment (see Williams, 61 AD3d at 79-80).
The complaint also states a claim for retaliation under the HRL (see Administrative Code § 8-107[7]; Williams, 61 AD3d at 70-71) by alleging that, after plaintiff engaged in protected activities, her supervisor took away her responsibility for hiring support staff and ability to use such staff as a resource; excluded her from projects and ignored and hid information from her; publicly undermined her; and took away her planning responsibilities with respect to two annual conferences. The supervisor's alleged gender-discriminatory statements (described above) are sufficient to raise an inference of retaliatory animus - especially when viewed in conjunction with his alleged threat to "make the situation worse" for plaintiff if she continued to complain. Although defendant is correct that some of the alleged protected activities occurred after the alleged retaliatory conduct, and thus could not have been causally related thereto, most of the protected activities occurred before the alleged retaliation.
Defendant is also correct that the employer's conduct after the employee engaged in protected activity does not constitute retaliation where it is a continuation of the course of the employer's conduct before the employee engaged in the protected activity (Melman v Montefiore Med. Ctr., 98 AD3d 107, 129 [1st Dept 2012]). However, while some of plaintiff's supervisor's alleged retaliatory conduct mirrored conduct that occurred before the protected activities, the complaint alleges at least some "new" or escalated conduct after the protected activities took place. Whether the motivation for this conduct was retaliation or continued discrimination [*2]cannot be determined at this stage of the litigation.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK